# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DARYL M. LAXDAL and<br>DIANA L. LAXDAL,<br><br>                          Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA HOME LOANS<br>SERVICING, LP; COUNTRYWIDE<br>HOME LOANS, INC; and MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC.,<br><br>                          Defendants. | Civil No. 11-3075 (JRT/LIB)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Christopher P. Parrington and Patrick D. Boyle, **SKJOLD PARRINGTON, PA**, 222 South Ninth Street, Suite 3220, Minneapolis, MN 55402, for plaintiffs.

Andre T. Hanson, Sparrowleaf Dilts McGregor, and Ronn B. Krepps, **FULBRIGHT AND JAWORSKI, LLP**, 80 South Eighth Street, Suite 2100, Minneapolis, MN 55402, for defendants.

This foreclosure dispute was initiated by plaintiffs Daryl and Diana Laxdal, in state court. Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of America, N.A.[1] ("BOA") removed the case to this Court on October 17, 2011.[2] The Laxdals seek a preliminary injunction, enjoining the Defendants from continuing the

---

[1] Countrywide Home Loans, Inc. was acquired by Bank of America, N.A. in 2008 and became BAC Home Loans Servicing, LP. In July 2011, BAC Home Loans Servicing, LP merged with Bank of American N.A., and Bank of America, N.A. is the surviving entity. (Defs.' Mem. Opp. TRO Motion at 1 n.1, Docket No. 19.)

[2] The parties have complete diversity of citizenship and the action meets the amount in controversy requirement. *See* 28 U.S.C. § 1332(a).

foreclosure process. (Docket No. 2.) Defendants move to dismiss all of the Laxdals' claims. (Docket No. 5.) The Court will grant Defendants' motion to dismiss and deny the Laxdals' request for a TRO. The Laxdals have no standing to bring the claims asserted since the claims accrued before the Laxdals filed their bankruptcy petition in May 2011.

## BACKGROUND

The Laxdals bought eighty acres of property in Pinewood, MN in 1993 (the "property"). (Compl. ¶ 6, Docket No. 1.) They have resided on the property, at 18479 Buzzle Road, Pinewood MN, since that time. (*See id.* ¶ 1.) In December 2005, the Laxdals refinanced the mortgage on the property for the third time. (*Id.* ¶ 21.) This mortgage was ultimately transferred to BAC Home Loan Servicing, LP (*id.* ¶ 28.), now part of BOA.

In September 2009, the Laxdals ceased making payments on the mortgage (*id.* ¶ 34), and foreclosure proceedings were initiated in November 2009 (*id.* ¶ 35). On December 10, 2009, the Laxdals were served with notice that the property would be sold at auction on February 16, 2010. (*Id.* ¶ 36.)

In January and February 2010, the Laxdals spoke with BOA representatives requesting information about reinstating their mortgage. (*Id.* ¶¶ 37-39.) The Laxdals assert that in February 2010 (after they offered to make a lump sum payment of $3,000), they were informed by BOA that BOA would send them a letter confirming that if they paid $3,000, the payment would "complete the first step in the reinstatement" of their mortgage. (*Id.* ¶¶ 39-43.) Plaintiffs assert that "[d]uring this conversation" they "were

informed by BOA that the scheduled Sheriff Sale for the Property had been postponed by BOA." (*Id.* ¶ 40.)

The Laxdals never received a confirmation letter or notice of postponement. (*Id.* ¶¶ 46, 47.) On February 25, 2010, the *Bemidji Pioneer* newspaper published a notice of postponement of mortgage foreclosure sale, stating that the sale would take place on May 4, 2010. (Leaf Dilts McGregor Decl., Oct. 24, 2011, Ex. 5, Newspaper Notice, Docket No. 8.) BAC Home Loans Servicing, LP (now BOA) bought the Laxdals' property at the sheriff sale on May 4, 2010. (*Id.* ¶¶ 51-52; McGregor Decl., Ex. 5, Sheriff's Certificate of Sale, Docket No. 8.) The Laxdals continue to live on the property. (Compl. ¶ 1.) On August 22, 2011, the Laxdals were served with notice of eviction for the property. (*Id.* ¶ 70.)

The Laxdals filed a petition for Chapter 7 bankruptcy on May 3, 2011. *See* (McGregor Decl., Ex. 1, *In re Laxdal* Bankr. Pet. Docket No. 8.) The Bankruptcy Court's Order discharging the Laxdals' debt issued on August 24, 2011. (McGregor Decl., Ex. 2, *In re Laxdal*, No. 11-60767 (Bankr. D. Minn. 2011), Docket No. 8.) The Laxdals' Chapter 7 petition did not list any property on Schedule A of their petition[3] (*In re Laxdal* Bank. Pet. at Schedule A), nor did they list the property as an asset (*see id.*). The Laxdals did not list BOA (or anyone else) as a Creditor Holding a Secured Claim or a Creditor Holding an Unsecured Priority Claim. (*In re Laxdal* Bank. Pet. at Schedules D & E.) None of the causes of actions raised in the case now before the Court were

---

[3] The debtor is instructed to "list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate." (*In re Laxdal* Bank. Pet. at Schedule A.)

mentioned in the bankruptcy petition, nor did the Laxdals note the foreclosure and sheriffs sale of the property.[4] (*See id.*)  Although they list their address on the petition as 18479 Buzzle Road, they list their "rent or home mortgage payment" per month as "$0.00." (*See id.* at Schedule J, Current Expenditures of Individual Debtor(s).)

The Laxdals brought eight counts in their Complaint: (1) seeking a declaration that there is a mortgage reinstatement agreement, "Plaintiffs performed under the Agreement," and "Defendants must honor the terms of the Agreement" (Compl. ¶¶ 74-76);  (2) seeking a declaration that Defendants failed to provide proper notice of foreclosure to the Laxdals and thus the sheriff's sale of the property was invalid (*Id.* ¶¶ 80-82);  (3) seeking both temporary and permanent injunctive relief, "tolling and extending Plaintiffs' right to redeem the property" (*Id.* ¶ 86);  (4) claiming breach of contract, asserting the parties entered into a contract "whereby Defendants agreed to postpone Plaintiffs Sheriff Sale of the Property and reinstate Plaintiffs mortgage if Plaintiffs made a lump sum payment . . . upon written notice from Defendants" and that Defendants have breached that contract  (*Id.* ¶ 88);  (5) claiming breach of mortgagee duty (Minn. Stat. § 580.11), alleging that Defendants breached the fiduciary duty imposed on them by Minn. Stat. § 580.11 by "failing to accept consideration from Plaintiffs and forcing Plaintiffs into automatic default" (*Id.* ¶¶ 94-95);  (6) asserting that Defendants fraudulently represented to them that "upon receipt of the Agreement . . . and subsequent payment from Plaintiff, which would not be accepted without the Agreement,

---

[4] In addition, in the section where they were instructed to "[l]ist all property that has been repossessed by a creditor, sold at a foreclosure sale . . . within one year immediately preceding the commencement of the case," the Laxdals only listed an Oldsmobile repossessed in January 2011. (*In re Laxdal* Bankr. Pet. at Statement of Fin. Affairs, No. 5.)

Defendants would reinstate Plaintiffs['] mortgage, with the intent that Plaintiffs" rely on the representation  (*Id.* ¶ 98);  (7) claiming negligent misrepresentation by BOA, alleging the BOA communicated false information to the Laxdals  (*Id.* ¶¶ 105-106); and (8) asserting a claim for promissory estoppel, alleging that the Defendants made "a clear and definite promise" to the Laxdals regarding the reinstatement of their mortgage  (*Id.* ¶ 108).

## DISCUSSION

The threshold question in this case is whether the Laxdals lack standing because each claim they allege is the property of the bankruptcy estate.  "Before reaching the merits of a case, federal courts must ensure that Article III standing exists."  *In re Farmland Indus.*, 639 F.3d 402, 405 (8th Cir. 2011).  Under the Bankruptcy Code, 11 U.S.C. § 541(a)(1), "all of the debtors' legal and equitable interests are transferred to the bankruptcy estate at the time the bankruptcy petition is filed."  *United States ex rel. Gebert v. Transp. Admin. Servs.*, 260 F.3d 909, 913 (8th Cir. 2001).  "Causes of action are interests in property and are therefore included in the estate."  *In re Senior Cottages of America, LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).  A debtor cannot maintain standing once the claim belongs to the estate.  *See Gebert*, 260 F.3d at 914.  The Court finds that all of the Laxdals' claims in this case belong to the bankruptcy estate because each of their causes of action accrued before they filed for bankruptcy.

Under Minnesota law, a cause of action accrues "at such time as it could be brought in a court of law without dismissal for failure to state a claim."  *MacRae v. Group Health Plan, Inc.*, 753 N.W.2d 711, 716-17 (Minn. 2008) (internal quotation

marks omitted). For example, in *In re Carlson*, the Debtor filed for bankruptcy and did not list either his real estate or his counterclaim in a pending foreclosure action. 414 B.R. 508, 510 (Bankr. D. Minn. 2009). The court held "both interests are property of the bankruptcy estate, by operation of 11 U.S.C. § 541(a)." *Id.*

None of the Laxdals' causes of action arose **after May 3, 2011**, the date they filed their bankruptcy petition. Indeed, almost all of the facts they allege are **on or before May 4, 2010** (the date of the sheriff's sale). Moreover, the Laxdals presented **no** evidence that their claims were not the property of the bankruptcy estate. (*See generally* Pl.'s Mem. Opp. Mot. to Dismiss (failing to address the standing issue).). The Court concludes the Laxdals lack standing to bring any of the claims asserted in their Complaint; accordingly, the Complaint must be dismissed and the Laxdal' motion for a preliminary injunction will be denied.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 5] is **GRANTED**.

2. Plaintiffs' Motion for a Temporary Restraining Order [Docket No. 11] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 30, 2011  
at Minneapolis, Minnesota.

                                                    _____s/ John R. Tunheim_____  
                                                      JOHN R. TUNHEIM  
                                                 United States District Judge